## WALDSCHMIDT *v.* VITO ET AL.

[No. 237, September Term, 1961.]

*Decided April 16, 1962.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, HORNEY and SYBERT, JJ.

*Michael Demyan* and *Thomas J. Wohlgemuth,* with whom were *Smith, Wohlgemuth & Westcott* on the brief, for the appellant.

*Eugene M. Childs,* with whom were *Childs & Bald* and *Burton, Heffelfinger, McCarthy & Kendrick* on the brief, for the appellees.

HENDERSON, J., delivered the opinion of the Court.

In a controversy between adjoining landowners in regard to the use of a right of way over the land between their lots and the waterfront, the chancellor, after hearing, decreed that the complainant, Charles Waldschmidt, "has a right to the use of the land lying between his property and the shore of West River, in common with other lot owners in the development of Avalon Shores, Inc." He further decreed that the respondents, James Vito and Avalon Shores, Inc., "are hereby ordered to install a suitable gate in the fence running parallel to the rear lot line of the Complainant's property so as to permit a suitable means of egress and ingress to and from the Complainant's lots to the land lying between the Complainant's lots and the shore of West River." The complainant appealed only from the second paragraph of the decree, and there was no cross appeal. Hence the only question before us is the right of the chancellor to limit access to the use of a gate.

The appellees moved to dismiss the appeal on the ground that the appellant failed to print sufficient testimony to enable this Court to decide the issue presented, in violation of Maryland Rule 831 c 2. We reserved ruling on the motion, and now rule that the motion be denied. The testimony printed by the appellee has only slight relevance to the issue presented. The appellant printed enough of the testimony and exhibits to show that Waldschmidt acquired title through mesne conveyances from Avalon Shores, Inc.; that Vito subsequently acquired all the interest and estate of Avalon Shores, Inc. in

the roads, easements and rights of way, beaches and riparian rights "subject to the rights of ingress and egress by the owners of waterfront lots across the land reserved between their property line and the water"; that Vito erected a wire fence four feet high along the rear line of the appellant's lots, cutting off his access to the beach. The appellant also reproduced a recorded plat, showing the location of the properties, the beach, and certain designated paths between certain of the lots in the development, affording access to the beach. Since the first paragraph of the decree is uncontested on either side, we think the issue can fairly be decided upon the material supplied. The only question is whether, under the terms of the rights reserved by Avalon Shores, Inc., access can properly be limited to a gate.

We find no justification for the limitation imposed by the chancellor. On its face, the language of the basic grant of ingress and egress is unlimited, and there is no claim of a prescriptive right of a limited character and extent, as in *Bishields v. Campbell,* 200 Md. 622, 625, and the cases there cited. The instant case is quite similar on its facts to *Simon Distr. Corp. v. Bay Ridge Civic Ass'n,* 207 Md. 472, 480, and we think that case is controlling. We find it unnecessary to repeat or elaborate upon the careful review of the authorities by Chief Judge Brune in that case. Indeed, in the *Simon* case the removable chain was designed to exclude "undesirables", and thus was of some benefit to the community at large. There is no evidence that the fence in the instant case would serve such a purpose. We think the chancellor should have decreed that the fence be removed, as prayed in the bill.

> *Decree reversed, with costs, and case remanded for a modification of the decree in accordance with the views here expressed.*